803 F.2d 714
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nelson J. WASHINGTON, Jr., a/k/a James Williams, Appellant,
v.
James P. TINNEY, III, Superintendent, M.C.I.; Gerald A.
Keller, Former Superintendent, M.C.I.; Ms. Cunningham,
Nurse, M.C.I.; J.A. Trumpower, Officer, M.C.I.; Captain
Hecker, Officer, M.C.I.; Bettie J. Kline, Officer, M.C.I.;
Captain Clingan, Officer, M.C.I.; Lieutenant Suman,
Officer, M.C.I.; Keviun Staley, Officer, M.C.I.; Officer
Scott, Officer, M.C.I., Appellees.
 No. 84-6479.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1986.
Decided Oct. 7, 1986.
 
 Nelson J. Washington, Jr., appellant pro se.
 Stephen H. Sachs, Attorney General, Glenn Bell and Patricia E. McDonald, Assistant Attorneys General, for appellees.
 D.Md.
 AFFIRMED.
 Before RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 While in the custody of the Maryland Division of Corrections, Nelson Washington, Jr., a/k/a James Williams, litigated a number of 42 U.S.C. 5 1983 cases in the United States District Court for the District of Maryland. In C/A Nos. K-79-1493, K-79-1494, K-79-1988 and K-80-862, Washington raised some 145 paragraphs of factual allegations in support of the following claims: (1) that on June 11, 1979, and December 30, 1979, he was denied due process in connection with two adjustment team actions at the Maryland Correctional Institution at Hagerstown (MCI-H); (2) that he was denied due process when he was placed in administrative segregation in retaliation for seeking redress of grievances; (3) that he was subjected to deliberate indifference to his serious medical needs on at least eighteen occasions; (4) that he was retaliated against for pursuing legal remedies; (5) that certain correctional officers negligently deprived him of his property; and (6) that some of the defendants allowed correctional officials to search his cell and seize his legal papers.
 
 
 2
 In addition to these claims, Washington brought C/A No. K-80-234 in which he complained of his placement in segregation, denial of medical attention, and interference with his legal mail. Finally, in C/A No. K-80-2941, Washington complained of a conspiracy to persecute him, a search of his cell for purposes of harassment, and a seizure of property without due process of law.
 
 
 3
 These cases were referred to a magistrate pursuant to 28 U.S.C. Sec. 636 (b) (1) (B), and on May 17, 1983, a detailed "Report and Recommendation " was filed. The magistrate discussed thoroughly each of Washington's claims and made the following recommendations: (1) that summary judgment be granted to the defendants in the consolidated cases (C/A Nos. K-79-1493, etc.) except on the claim that defendants were deliberately indifferent to Washington's medical needs by delaying his assignment to a single cell or lower bunk and on the claim that defendants Stelly and Cunningham were deliberately indifferent to Washington's medical needs while rendering treatment after his fall from a top bunk; (2) that summary judgment be granted for the defendants in C/A No. K-80-234 except on the mail tampering claim against defendant Kline; and (3) that summary judgment be granted for the defendants in C/A No. K-80-2941 except on the illegal search and seizure claim against defendants Trumpower, Heckler, and Scott. Washington's objections to the magistrate's report were denied, and the recommendations were adopted in toto by order of the district court on June 6, 1983.
 
 
 4
 Our review of the record indicates that the entry of summary judgment, pursuant to the magistrate's recommendation, on the claims described above was proper. We therefore affirm, on the reasoning of the district court, the entry of judgment in favor of the defendants on these claims. Washington v. Tinney, C/A Nos. K-79-1493, K-79-1494, K-79-1988, K-80-862, K-80-234, K-80-2941 (D.Md., June 6, 1983).
 
 
 5
 Counsel was appointed to represent Washington on the claims that survived the defendants' motions for summary judgment. An amended complaint was filed on December 30, 1983, whereby the remaining counts were consolidated. The new complaint contained three counts--deliberate indifference to medical needs, illegal search and seizure, and interference with legal mail. After a trial to the court, judgment was entered in favor of defendants on these claims as well.
 
 
 6
 We perceive no basis for reversing the district court's denial of relief on the claims which proceeded to trial. To establish a deprivation of his constitutional rights, Washington had to show that defendants were deliberately indifferent to his serious medical needs in failing to assign him to a single cell or lower bunk or in treating him after his fall from an upper bunk. Estelle v. Gamble, 429 U.S. 97 (1976). The district court found, on conflicting evidence, that defendants were not sufficiently informed of Washington's condition to render their failure to reassign him deliberate indifference. The court also found that the defendants provided appropriate treatment after Washington's fall. Review of the record and the arguments on appeal reveals no basis for concluding that the district court erred in its findings of fact or in its application of the law to the facts.
 
 
 7
 As to Washington's claim of illegal search and seizure, the defendants' evidence established that razors and broken glass were confiscated from Washington's cell during two searches, and that no legal documents were seized during the searches. The in stitutional need to maintain security permits officers to conduct the type of cell searches carried out here. Hudson v. Palmer, 468 U.S. 517 (1984). The district court properly rejected Washington's claim of an unconstitutional search and seizure.
 
 
 8
 Finally, Washington's claim that his legal mail had been confiscated, opened and read raised disputed factual is sues on which the district court could properly determine that Washington had failed to carry his burden of proof. Under the clearly erroneous standard of review applicable to such factual findings, we can find no error in the judgment of the district court. See Anderson v. City of Bessemer City, --- U.S. ----, 53 U.S.L.W. 4314 (Mar. 19, 1985).
 
 
 9
 We accordingly affirm the judgment in favor of the defendants. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.